## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIMON TUSHA, et al., | |
| Plaintiffs, | |
| v. | No. 1:21-cv-00494-RGA |
| PEDIATRIC ASSOCIATES, P.A. and ANN M. MASCIANTONIO, M.D., | |
| Defendants. | |

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6),(7)

**MORRIS JAMES LLP**
Joshua H. Meyeroff, Esq. (No. 5040)
Phillip M. Casale Esq. (No. 5727)
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Fax: (302) 571-1750
jmeyeroff@morrisjames.com
pcasale@morrisjames.com
*Counsel for Defendant,*
*Ann M. Masciantonio, M.D.*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Colleen D. Shields, Esq. (No. 3038)
Alexandra D. Rogin, Esq. (I.D. No. 6197)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone: (302) 574-7400
Fax: (302) 574-7401
cshields@eckertseamans.com
arogin@eckertseamans.com
*Counsel for Defendants, Ann*
*M. Masciantonio, M.D. and*
*Pediatric Associates, P.A.*

Dated: June 28, 2021

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

       I.      Plaintiffs Concede that J.T.'s Claims Should be Dismissed Because Tusha
May Not Assert Any Claim on Behalf of J.T. Without Counsel ........................... 1

      II.     Tusha's Argument that Jennifer Lathem is Not a Necessary Party Fails .............. 2

      III.    The Complaint Does Not Raise a Federal Question Per 28 *U.S.C.* § 1331 ........... 3

      IV.    Rooker Feldman ..................................................................................................... 4

      V.     The Complaint Still Fails to State Any Claim Upon Which Relief May Be
Granted .................................................................................................................. 5

      VI.    The Statute of Limitations is Not Tolled ............................................................... 5

      VII.   Plaintiffs' Affidavits of Merit Fail to Comport with Delaware Law ..................... 7

CONCLUSION ................................................................................................................ 9

100468739.3

# TABLE OF AUTHORITIES

**CASES**

*A.P. v. U.S.*,
 736 Fed. App'x 309 (3d. Cir. 2018) .................................................................... 2

*Bishop v. JP Morgan Chase & Co.*,
 2014 WL 132393 (D. Del. Apr. 7, 2014) ............................................................ 2

*Boyd v. Tempay*,
 2008 WL 1803774 (D. Del. Apr. 18, 2008) ........................................................ 2

*Brett v. Berkowitz*,
 706 A.2d 509 (Del. 1998) .................................................................................... 4

*Bush v. Goodall*,
 732 Fed. App'x 135 (3d Cir. 2018) ..................................................................... 1

*Callaway v. N.B. Downing Co.*,
 172 A.2d 260 (Del. Super. Ct. June 21, 1961) .................................................... 3

*Ciarrochi v. Clearview Reg'l High Sch. Dist.*,
 2010 U.S. Dist. 64017 (D.N.J. June 25, 2010) .................................................... 1

*Cowell v. Palmer Twp.*,
 263 F.3d 286 (3d Cir.2001) ................................................................................. 6

*Ellerbe v. Mayor of Philadelphia,*
 2019 WL 2866085 (E.D. Pa. July 3, 2019) ......................................................... 3

*Friedel v. Osunkoya*,
 994 A.2d 746 (Del. Super. Ct. 2010) .................................................................. 7

*Hill v. Equitable Bank*,
 599 F. Supp. 1062 (D. Del. 1984) ....................................................................... 7

*Hill v. Equitable Bank*,
 655 F. Supp. 631 (D. Del. 1987) ......................................................................... 7

*Holmberg v. Armbrecht*,
 327 U.S. 392 (U.S. 1946) .................................................................................... 7

*Hurst v. State Farm Mut. Auto. Ins. Co.*,
 2012 WL 426018 (D. Del. Feb. 9, 2012) ............................................................ 5

*In re Winstar Comm., Inc.*,
  435 B.R. 33 (D. Del. Bankr. 2010) ................................................................................5

*L.C. v. Laurel Scho. Dist.*,
  303 F. Supp. 3d 265 (D. Del. 2018) ...............................................................................1

*Melendez v. Mills*,
  2020 WL 4936960 (D. Del. Aug. 24, 2020) ..................................................................2

*Myers v. Med. Ctr. of Delaware*,
  105 Fed. App'x 403 (3d Cir. 2004) ................................................................................8

*Osei-Afriyie v. Med. College of Pa.*,
  937 F.2d 876 (3d Cir. 1991) ...........................................................................................1

*Spencer v. Courtier*,
  552 F. App'x 121 (3d Cir. 2014) ....................................................................................6

*Werner v. Nanticoke Mem. Hosp., Inc.*,
  2014 WL 5713137 (Del. Super. Ct. Nov. 3, 2014) ........................................................7

**STATUTES**

10 *Del. C.* § 8106 ..................................................................................................................5

18 *Del. C.* § 6853 ...............................................................................................................4, 7

24 *U.S.C.* § 841 .................................................................................................................3, 4

28 *U.S.C.* § 1331 ...............................................................................................................3, 4

28 U.S.C. § 1915 .....................................................................................................................2

**STATUTES**

Fed. R. Civ. P. 12 ............................................................................................................1, 3, 9

FED. R. CIV. P. 17 ................................................................................................................1, 2

**INTRODUCTION**

Defendants, Pediatric Associates, P.A. ("Pediatric Associates") and Ann M. Masciantonio, M.D. ("Dr. Masciantonio") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), hereby submit this reply brief in further support of their Motion to Dismiss the Complaint. Plaintiffs' response to the Motion simply reiterates the positions set forth in his legally deficient Complaint. Therefore, and for the reasons set forth herein and in Defendants' Opening Brief, Defendants respectfully submit that dismissal of the Complaint is warranted, with prejudice.

**ARGUMENT**

**I. Plaintiffs Concede that J.T.'s Claims Should be Dismissed Because Tusha May Not Assert Any Claim on Behalf of J.T. Without Counsel**

As Tusha concedes, he may not assert his *pro se* action on behalf of J.T. without counsel. *See, e.g., Osei-Afriyie v. Med. College of Pa.,* 937 F.2d 876, 882-83 (3d Cir. 1991) ("parent must be represented by counsel in bringing an action on behalf of his or her child."); (D.I. 31 at 2). All claims Tusha asserts on behalf of J.T. should be dismissed on this basis alone.

Furthermore, Tusha's request to appoint a guardian to pursue J.T.'s claims is inappropriate. "It is only when a minor child does not have a guardian, or a 'duly appointed representative,' where a court must consider whether to appoint a guardian ad litem to protect the minor's interest." *Ciarrochi v. Clearview Reg'l High Sch. Dist.*, 2010 U.S. Dist. 64017, at *3-4 (D.N.J. June 25, 2010) (citing FED. R. CIV. P. 17(c)(2)). A parent satisfies the "duly appointed representative" requirement, such that Rule 17 does not apply. *See id.*; *see also Bush v. Goodall*, 732 Fed. App'x 135, 138 (3d Cir. 2018) (where an incompetent is represented by a guardian, representative is the proper person to sue on her behalf); *L.C. v. Laurel Scho. Dist.*, 303 F. Supp. 3d 265 (D. Del. 2018) (declining to appoint guardian under Rule 17 where minor was suing through surrogate parent);

*A.P. v. U.S.*, 736 Fed. App'x 309, 314 (3d. Cir. 2018) (generally no need to appoint a guardian when a parent brings a lawsuit on behalf of a minor). Here, Tusha, as J.T.'s father, is an adequate representative under Rule 17 (as is J.T.'s mother), and he is free to bring claims on J.T.'s behalf upon retention of counsel. Tusha, however, seeks to avoid attorney's fees in asking the Court to appoint counsel at no cost, despite not having moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under the circumstances, where J.T. is represented by a legal guardian who may retain counsel on her behalf, it would be inappropriate to appoint counsel.

In the event this Court does not appoint counsel, Tusha seeks leave to retain an attorney. This request, however, is not a basis for denial of the Motion to Dismiss. Dismissal is still warranted, with prejudice, because amendment is futile. *See Bishop v. JP Morgan Chase & Co.*, 2014 WL 132393 (D. Del. Apr. 7, 2014) (granting motion to dismiss with prejudice where amendment was futile); *Melendez v. Mills*, 2020 WL 4936960 (D. Del. Aug. 24, 2020) (dismissing medical malpractice claim with prejudice where amendment was futile). To the extent dismissal is made without prejudice, given the meritless nature of Plaintiffs' claims, Defendants respectfully submit that leave of no more than 30 days to retain counsel would be appropriate. *See, e.g., Boyd v. Tempay*, 2008 WL 1803774 (D. Del. Apr. 18, 2008) (granting motion to dismiss without prejudice to allow 30 days to retain counsel and amend complaint).

**II.     Tusha's Argument that Jennifer Lathem is Not a Necessary Party Fails**

Plaintiffs assert that Jennifer Lathem ("Lathem") is not a necessary party pursuant to Federal Rule of Civil Procedure 19(a) because: (1) Plaintiffs do not seek any financial compensation from Lathem; (2) "there are no potential consequences to Lathem that can occur as a result of this litigation"; and (3) Lathem has "no stake whatsoever in this litigation." (D.I. 31 at ¶ 3). Plaintiffs' arguments are misplaced. Failure to seek financial compensation from Lathem

does not mean that she is immune from the consequences or that she has no stake in the outcome of this litigation. First, Lathem is subject to employment termination and/or the loss of future income/employment if Defendants are found vicariously liable for any action(s) that Lathem took in treating J.T. Second, as outlined in Defendants' Opening Brief, Lathem has a fundamental right in the care, custody, and control of J.T. (D.I. 26 at 7). Plaintiffs' withdrawal of their requests to have this Court directly rule on the issue of J.T.'s custody does not change the practical impact that a judgment in this litigation will have on the pending custody dispute in Maryland involving J.T. and her future medical care, as the allegations stem directly from Lathem's conduct as J.T.'s mother.

Simply put, Lathem is an indispensable party to this action pursuant to Federal Rule of Civil Procedure Rule 19, who cannot be joined, and whose absence precludes relief. Therefore, the Court "in good equity and good conscience" should dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(7).

### III. The Complaint Does Not Raise a Federal Question Per 28 *U.S.C.* § 1331

Plaintiffs contend that their Complaint raises a federal question pursuant to 28 *U.S.C.* § 1331 such that this Court has subject matter jurisdiction over their claims. (D.I. 31 at ¶ 3). Plaintiffs allege that Defendants violated 24 *U.S.C.* § 841 related to the administration of medication to J.T. for a non-medical purpose. *Id.* 24 *U.S.C.* § 841 is a federal criminal statute outlining the penalties associated with illegal drug dealing. Unless expressly provided for, it is well established that criminal statutes do not provide for a private civil cause of action. *Ellerbe v. Mayor of Philadelphia,* 2019 WL 2866085, *2 (E.D. Pa. July 3, 2019) (criminal statutes generally do not give rise to a basis for civil liability); *Callaway v. N.B. Downing Co.*, 172 A.2d 260, 262 (Del. Super. Ct. June 21, 1961) (statute wholly penal in nature does not support a civil remedy);

*Brett v. Berkowitz*, 706 A.2d 509, 512-13 (Del. 1998) (statutes outlining criminal penalties for offensive touching and sexual harassment do not provide private cause of action in Delaware).

Here, 24 *U.S.C.* § 841 does not expressly provide a private cause of action and thus cannot form the basis of the Court's subject matter jurisdiction pursuant to 28 *U.S.C.* § 1331. However, even if the Court were to disagree, the substance of Plaintiffs' Complaint is that Dr. Masciantonio committed medical negligence by improperly administering medication to J.T. As outlined in Defendants' Opening Brief and discussed *infra*, any such medical negligence claim is subject to the affidavit of merit requirements contained within 18 *Del. C.* § 6853. As Plaintiffs' cannot sustain their burden regarding any medical negligence claims, the Court should dismiss them outright.

### IV. The *Rooker-Feldman* Doctrine Precludes Plaintiffs' Claims

Plaintiffs assert that the withdrawal of their ancillary motions asking this Court to grant custody of J.T. to Tusha, as well as grant a Protection From Abuse Order and a Preliminary Injunction, preclude any application of the *Rooker-Feldman* Doctrine to this action. (D.I. 31 at ¶ 5). As outlined in Defendants' Opening Brief, the *Rooker-Feldman* Doctrine applies when a claim has been litigated before a state court *or* where the claim is inextricably intertwined with the state court adjudication. (D.I. 26 at 9). Here, Plaintiffs' withdrawal of the ancillary motions does not change the substance of the allegations made in this lawsuit. The claims made here are inextricably intertwined with the parties' prior (and ongoing) litigation in the Family Courts in Delaware and Maryland, particularly as it relates to J.T.'s medical care, and thus are precluded by *Rooker-Feldman* Doctrine.

100468739.3

## V. The Complaint Still Fails to State Any Claim Upon Which Relief May Be Granted

Plaintiffs point to nothing in the pleadings to refute that the Complaint is legally deficient. Tusha states only that he "believes and asserts that he has stated claims consistent with the requirements of Rules 8 & 9(b)…." (D.I. 31 at 8). Tusha's belief that he states a claim, however, does not transform his allegations into legally cognizable claims. Additionally, the allegations in the responsive pleading add nothing to the argument; they are merely a reiterated recitation of the Complaint, and for the reasons set forth in the Motion to Dismiss, those claims still fail on the merits. Therefore, Plaintiffs' Complaint must be dismissed with prejudice[1] for failure to state any claim upon which relief may be granted.[2]

## VI. The Statute of Limitations Is Not Tolled

Tusha's response does not address, and therefore concedes, the statute of limitations issue, except with respect to his conspiracy claim. (D.I. 31 at 5-7). With respect to his conspiracy claim, which is interplead with Count IV for fraud, Tusha asserts that the statute of limitations should be tolled by the continuing violations doctrine until the time that Defendants stopped treating J.T. (*Id*. at 6). As set forth in the Motion to Dismiss, Tusha fails to state a claim for fraud or conspiracy to commit fraud, and his claims should be dismissed accordingly. Even if Tusha had adequately pled conspiracy to commit fraud, his allegations arising outside the three-year limitation period are still barred. *See Hurst v. State Farm Mut. Auto. Ins. C*o., 2012 WL 426018, at *8 (D. Del. Feb. 9, 2012) (citing 10 *Del. C*. § 8106; *In re Winstar Comm., Inc*., 435 B.R. 33 (D. Del. Bankr. 2010)) ("Delaware statute of limitations for fraud and Delaware civil conspiracy is three years).

---

[1] As discussed, *supra*, despite Plaintiffs' request for a curative pleading, dismissal should be made with prejudice because amendment is futile.

[2] Plaintiffs' response does not address Defendants' motion to dismiss the punitive damages claim.

Despite Tusha's argument, the continuing violations doctrine does not toll the statute of limitations in this case. This doctrine may apply where a defendant's conduct constitutes a continuing practice. *See Spencer v. Courtier*, 552 F. App'x 121, 123–24 (3d Cir. 2014) (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir.2001)). The Court considers three factors in determining whether the conduct was more than isolated acts, such that the doctrine may apply: (1) subject matter; (2) frequency; and (3) degree of permanence. *See id*. While the subject matter of Tusha's allegations involves the overall premise of overprescribing medications he does not believe J.T. needs, his assertion that these events occurred over a span of ten years does not transform the isolated incidents into frequent events. Specifically, prior to the limitations period, Tusha takes issue with a 2008 EpiPen prescription (which was recommended by an allergist), a 2014 prescription for Motrin for back pain, modification to EpiPen order to full size after the child's weight increased, and a 2017 prescription for Vyvanse. (D.I. 1). For the reasons set forth in the Motion to Dismiss, not only do these prescriptions not form the basis of a fraud claim, but these alleged actions were also years apart. *See Spencer*, 552 F. App'x at 123–24 (declining to apply continuing violations doctrine where events were months apart).

With respect to the third factor—the degree of permanence—the relevant question involves "whether the act had a degree of permanence which should trigger the plaintiff's awareness…." *Id*. In *Spencer*, the Court determined that this factor weighed against application of the doctrine because the alleged act had a degree of permanence, and the plaintiff was aware of the claims at that time, so he could have brought them in a timely manner. *See id*. Here, like *Spencer*, the pleadings and exhibits are replete with evidence that Tusha did not agree with the medical decision

making involving J.T., and he has challenged those decisions in custody hearings for years, to no avail.[3] As in *Spencer*, this conclusively weighs against tolling of the statute of limitations.

Likewise, the federal doctrine of equitable tolling does not apply. Equitable tolling only "stops the running of the statute of limitations on a fraud cause of action if the plaintiff, 'remains in ignorance of [the fraud] without any fault or lack of diligence on his part.'" *Hill v. Equitable Bank*, 655 F. Supp. 631, 640–41 (D. Del. 1987), *aff'd*, 851 F.2d 691 (3d Cir. 1988) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (U.S. 1946)). "The statute of limitations begins to run once the plaintiff is aware of, or should have been aware of, enough facts pointing to fraud that the possibility of fraud is, or should have been, apparent." *Id*. (citing *Hill v. Equitable Bank*, 599 F. Supp. 1062, 1072 (D. Del. 1984)). Here, because Tusha has known about, and challenged the decisions regarding medical decision making for over ten years, no equitable tolling applies to extend the statute of limitations on his conspiracy claim.

## VII. Plaintiffs' Affidavits of Merit Fail to Comport with Delaware Law

Plaintiffs incorrectly assert that the affidavits of merit submitted by Jessica Harp, LPC, and Elizabeth Brown-Conway, PA-C, satisfy the procedural and substantive requirements of 18 *Del. C.* § 6853. The issue for this Court to decide is not whether Ms. Harp or Ms. Brown-Conway are competent in their respective fields; rather, the question is whether they have the training, education, knowledge, and experience to opine on the standard of care for a board-certified pediatrician. *See Friedel v. Osunkoya,* 994 A.2d 746, 751 (Del. Super. Ct. 2010) (pharmacologist precluded from offering standard of care opinions against a physician); *Werner v. Nanticoke Mem.*

---

[3] See, for example, note of August 10, 2010 call from psychologist, Dr. Romerowosky, regarding custody evaluation and Tusha's disagreement with EpiPen prescription despite Family Court's order for the prescription. A copy of this note appears within J.T.'s medical chart, which Tusha relies upon in his Complaint. Given the sensitive nature of the note, Defendants will make it available for *in camera* review by the Court at the Court's request.

*Hosp., Inc.,* 2014 WL 5713137 (Del. Super. Ct. Nov. 3, 2014) (neurologist precluded from offering standard of care opinion against emergency medicine physician); *Myers v. Med. Ctr. of Delaware,* 105 Fed. App'x 403 (3d Cir. 2004) (pathologist precluded form offering standard of care opinions against emergency medicine physician).

Ms. Harp is not a medical doctor. She does not treat patients, teach, and/or participate in the academic side of pediatric medicine. Ms. Harp is not board certified in Pediatrics. Moreover, the thrust of Plaintiffs' claim is that Dr. Masciantonio improperly prescribed medication to J.T. for no valid medical purpose. Here, as Ms. Harp is not qualified as a licensed professional counselor to prescribe medication to *any* patient, she is not qualified under Delaware law to critique a medically trained and board-certified pediatrician and her decisions to administer medication to a patient.

Ms. Brown-Conway is a Physician's Assistant, not a medical doctor. She did not graduate from medical school, she did not complete a residency program in Pediatric Medicine, and she is not board-certified in Pediatrics. Moreover, her curriculum vitae does not outline any prior experience providing primary pediatric care to a patient like J.T., nor does it reference any prior teaching and/or research in the area of pediatric medicine. While Ms. Brown-Conway might be capable of opining on the standard of care related to a Physician's Assistant, she is not qualified under Delaware law to opine on the standard of care related to a board certified Pediatrician.

As the affidavits of merit submitted from Ms. Harp and Ms. Brown-Conway are procedurally and substantively defective, Plaintiffs' claims for medical negligence are not viable and should be dismissed.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7), with prejudice.

Respectfully submitted,

| **MORRIS JAMES LLP** | **ECKERT SEAMANS CHERIN & MELLOTT, LLC** |
|---|---|
| */s/ Joshua H. Meyeroff* | */s/ Colleen D. Shields* |
| Joshua H. Meyeroff, Esq. (No. 5040) | Colleen D. Shields, Esq. (No. 3038) |
| Phillip M. Casale Esq. (No. 5727) | Alexandra D. Rogin, Esq. (I.D. No. 6197) |
| 500 Delaware Ave., Suite 1500 | 222 Delaware Avenue, 7th Floor |
| P.O. Box 2306 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | Telephone: (302) 574-7400 |
| Telephone: (302) 888-6800 | Fax: (302) 574-7401 |
| Fax: (302) 571-1750 | cshields@eckertseamans.com |
| jmeyeroff@morrisjames.com | arogin@eckertseamans.com |
| pcasale@morrisjames.com | *Counsel for Defendants, Ann M. Masciantonio, M.D. and Pediatric Associates, P.A* |
| *Counsel for Defendant, Ann M. Masciantonio, M.D* | |

Dated: June 28, 2021