IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



SIMON TUSHA,
J.T.
    Plaintiff,

v                                                Civil No. 1:21-cv-00494-RGA

PEDIATRIC ASSOCIATES, P.A.,
ANN M. MASCIANTONIO, M.D.,
    Defendants.

### Response to Defendant's Reply Brief

Plaintiff, Simon Tusha, pro se, hereby submits his Reply to defendant's Brief in further support of their motion to dismiss. Plaintiff respectfully disagrees with Defendant's contentions in all respects and for the reasons that follow, request their motion to dismiss be denied.

1. First and foremost, Plaintiff did not, and does not now, concede that J.T.'s claims should be dismissed at all, nor does the Plaintiff even suggest this. Plaintiff simply conceded that the state of law as to the issue does in fact, require that Plaintiff obtain counsel to proceed on his claims that involve J.T.. This does not in any way suggest, or even imply, that Plaintiff conceded any issue relevant to proceeding with the claims set forth in the Complaint. To the contrary, Plaintiff simply requested leave so that he can retain counsel. Nothing present here or in

1

Plaintiff's pleadings represent a concession upon which defendant's seek this Court to dismiss the case. Plaintiff reiterates his request for leave to obtain counsel.

2. Defendants again argue that Jennifer Latham is an indispensable party to this litigation adding a litany of conclusory allegations as to Latham's conduct. It is difficult to imagine how Latham could lose her employment by engaging with her boss in any conduct that is alleged in the complaint. In fact, the stance taken here suggests that perhaps Latham is worried that unlawful conduct on her part may somehow be fleshed out during the litigation. That hardly makes her an indispensable party. The defendant's argument is not only disingenuous, but the real purpose of the defendant's here is to attempt to strip the Court of diversity jurisdiction advancing what they know is a frivolous argument. First, the Rules of Civil Procedure and the relevant case law do NOT support these contentions. The Third Circuit Court of Appeals in McArthur v Rosenbaum Co. of Pittsburgh, 180 F.2d 617 (3rd Cir. 1950) succinctly {2010 U.S. Dist. LEXIS 14} described Rule 19's application in this fashion:

The two tests, therefore, as to what constitutes an indispensable party are:

> (1) Is the interest of the alleged indispensable party such as will be "directly affected legally by the adjudication"

> (2) Will the failure to join the alleged indispensable party be inconsistent with equity and good conscience? 180 F.3d at 621-622.

Jennifer Latham cannot be said to be "directly affected legally" by any adjudication of this Court relevant to defendants Pediatric Associates and Dr. Ann Masciantonio. A judgment against those defendants for the conduct alleged affects only those defendants, not Jennifer Latham. The defendant's counsel, who does not represent Jennifer Latham, has no basis in fact to make this argument and they do so, as stated, only to attempt to strip the Court of diversity jurisdiction which is not consistent with equity or good conscience. The defendant's argument fails right here, and the inquiry should end right here.

3. Further problematic with the defendant's arguments, nothing set forth in Plaintiff's lawsuit will "pose substantial risk" to either defendant of incurring inconsistent obligations by any adjudication, thus it is impossible that Jennifer Latham can meet the criteria to be considered an "indispensable party" to this litigation. Further, complete relief is not in any way hampered absent Latham being joined as a party. Completeness in terms of relief, is determined on the basis of those who are already parties, and not as between a party and the absent person whose joinder is sought. See Sindia Expedition, inc., v Wrecked &

Abandoned Vessel, Known as the Sindia, 895 F.2d 116, 121 (3rd Cir. 1990). Neither Pediatric Associates, Ann Masciantonio, M.D., or the Plaintiffs, will be unable to obtain complete relief absent Jennifer Latham being joined as a party, thus again, the defendant's argument fails this test as well.

    4. Equally relevant, as the Third Circuit found in Sindia supra, "Subdivision (a)(2)(ii) of Rule 19 does not apply.....because [the absent party] may always protect its interest...by voluntarily appearing and asserting its rights".

In this case, Jennifer Latham can certainly appear as a witness and testify as to any issue she chooses. However, at this point, Plaintiff's object to the defendant's counsel making arguments on behalf of Jennifer Latham absent entering an appearance on her behalf with this Court. As stated, Latham is not an indispensable party for the reasons set forth and Latham is not represented by any counsel in this litigation, thus the arguments by defense counsel, appear to be focused as stated on stripping this Court of diversity jurisdiction, not based on any interest of Jennifer Latham which simply does not exist. It is worthy of note however, that if Jennifer Latham has concerns as to her conduct while employed by the defendants, that conduct is subject to review of her employer absent any adjudication on any matter before this Court and Latham is subject to whatever consequence exists, if any, for her conduct related to her employment without

regard to this litigation. Again, to the extent Latham falsified medical records, she can certainly appear and testify as to what she knows and what she did, thereby, protecting whatever interest she claims may exist in the matter. Plaintiffs deny that Latham is an indispensable party at all, and reiterate that she is a Plaintiff witness, a hostile witness at that, and that the law does not permit Latham to be deemed an indispensable party for the reasons stated.

5. Defendant's arguments with respect to the Rooker-Feldman doctrine are without merit and should be denied. As well, their argument with respect to subject matter jurisdiction. It is believed and asserted that the Court need not reach subject matter jurisdiction because it has diversity jurisdiction for the reasons stated. But even if so, the Plaintiff did not and does not now, state that any violation by defendant Masciantonio of 21 U.S.C. ss 841, (not 24 U.S.C. as stated by the defendants) is a "cause of action" as the defendants misrepresent. The relevance to the criminal statute is set forth in a foot note describing that Physicians are generally exempt from those laws unless they violate the statute. It is also stated that Plaintiff does not rely on those statutes to bring the action. However, since those statutes were in fact violated by Masciantonio, it is believed and asserted that the Court would have personal jurisdiction over Masciantonio and Pediatric Associates as well as subject matter jurisdiction over the lawsuit

5

based upon violation of the federal statute, but that does not mean and is not intended to mean that such a violation is a cause of action.

6. The defendants seek this Court to buy into another talismanic illusion that all the claims in the lawsuit are inextricably intertwined with the parties prior litigation in state Court. Thus, the Rooker-Feldman doctrine precludes all of the claims. Again, the defendants simply seek the Court to dismiss the lawsuit based upon yet another linguistic dance. There are no issues inextricable intertwined here. As the Court has been made aware, J.T. has filed her own motion in the state court requesting a change of custody. J.T. has also filed her own motion in the state court as Intervenor in the custody matter. J.T. now can assert her own claims in the litigation which do not intersect here. There are no claims in the state court regarding the intentional drugging of J.T. by the defendants. There are no claims in state court with respect to falsification of medical charts, that claim here, involves the state court being deceived, not its judgment on any matter. That being said, the Rooker-Feldman doctrine is just another facade the defendants seek to add to its house of cards defense and should be rejected by this Court.

7. The defendants continue to argue that the pleading is deficient. Plaintiff disagrees and reiterates that should the Court find the pleading deficient. The

Court must allow for a curative action to be taken. Here, Plaintiff would request leave to amend upon retention of counsel. With respect to the defendant's clever attempt to hide behind statutes of limitations, this effort is equally futile because most of the conduct at issue involves the drugging of J.T. absent justifiable medical necessity. Second, there is no medical doctor on this earth, who will testify that an intravenous MORPHINE drip given to a minor child for a headache was necessary or appropriate. Likewise, OXYCODONE for a menstrual cycle when aspirin and Midol would have been proper and appropriate. The defendants argue that Ms. Harp is not qualified to give opinions in this matter when in fact, her resume and education show otherwise. Ms. Harp conducts investigations into physicians' practices to insure they comply with laws and regulations. She can certainly testify to what laws and regulations the defendants have not followed and explain how those failures harmed the Plaintiffs. Likewise, Dr. Conway can certainly testify as to the use of psychotropic drugs in a child, and she has specific training in psychiatry. Nonetheless, should the Court determine that a pediatrician is required, Plaintiff will obtain one upon order of the Court.

8. Finally, Plaintiff has stated that he did not and does not now seek to proceed in forma pauperous. Plaintiff is not destitute. Plaintiff has stated and states again, that he believes that whether or not the Court appoints a guardian

ad litem to represent the interests of J.T., that decision remains the sole discretion of this Court, not the defendants. Should the Court decline to appoint such a guardian, Plaintiff will hire counsel and proceed with this action.

For all the reasons stated, Plaintiff respectfully requests this Honorable Court to DENY the defendant's motion to dismiss and reject all its arguments seeking dismissal with prejudice.

Respectfully submitted,

/s/

Simon Tusha, pro se
1060 Hidden Moss Drive
Cockeysville, Maryland 21030

## CERTIFICATE OF SERVICE

I, Simon Tusha, hereby certify that I have placed a true and correct copy of this document in the U.S. Mail, postage pre-paid, to be served upon the following parties listed below:

| | |
|---|---|
| ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>Colleen D. Shields, Esq. (No. 3138)<br>Alexandra D. Rogin, Esq. (No. 6197)<br>222 Delaware Avenue, 7th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 574-7400<br>Fax: (302) 574-7401<br>Counsel for Defendants | MORRIS JAMES LLP<br>Joshua H. Meyeroff (#5040)<br>Phillip M. Casale (#5727)<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>(302) 888-6901<br>Attorneys for Defendant<br>Ann M. Masciantonio, M.D |

/s/ Simon Tusha Pro Se



FROM:
Simon Tusha
060 Hidden Moss Dr
Cockeysville MD 21030

TO:
Office of the Clerk
United States District Court
844 North King St
Unit 18
Wilmington DE 19801-3570