IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIMON TUSHA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 21-494-RGA |
| | : | |
| PEDIATRIC ASSOCIATES, P.A., et al., | : | |
| | : | |
| Defendants. | : | |

Simon Tusha, Cockeysville, Maryland.   Pro Se Plaintiff.

Alexandra Rogin, Esquire, and Colleen D. Shields, Esquire, Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

March 16, 2022
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Plaintiffs Simon Tusha and minor child J.T. appear *pro se.* They commenced this lawsuit on April 5, 2021. (D.I. 1). Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332.[1] Before the Court is Plaintiffs' motion for appointment of guardian ad litem to represent interests of J.T. and Defendants' motion to dismiss. (D.I. 6, 24). The matters have been fully briefed.

## I. BACKGROUND

Jennifer Lathem, an "unnamed conspirator" and not a named defendant, and Tusha are the parents of J.T., a minor child. Count I alleges medical malpractice; Count II alleges medical negligence; Count III alleges intentional infliction of emotional distress; Count IV alleges common law conspiracy and fraud; and Count V alleges vicarious liability. Taking the complaint as true, it states the following facts.

Defendant Ann M. Masciantonio, M.D., and her employee Lathem (who acted on behalf of Dr. Masciantonio and Defendant Pediatric Associates, P.A.), from October 16, 2007 through June 2, 2020, were medically negligent in the care of J.T., including improper or wrong diagnoses of non-existent medical conditions and improper

---

[1] The Court only has jurisdiction by reason of diversity of citizenship of the parties. The Complaint does not raise a federal question and, therefore, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331. To the extent that Tusha seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Court*s, 270 F. App'x 149, 150 (3d Cir. 2008). The decision of whether to prosecute, and which criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). In addition, while 21 C.F.R. § 1306.04 does not create a private cause of action. *See Grages v. Geisinger Health*, 2020 WL 1151452, at *3 n.4 (M.D. Pa. Mar. 10, 2020).

1

prescription of medication, all of which caused injury to Plaintiffs.   (D.I. 1 at 2-5, 9).

Lathem manipulated J.T.'s medical records to deceive courts during custody

proceedings and to conceal ongoing injuries inflicted upon J.T.   (Id. at 7). From

November 9, 2009 through September 22, 2011 Defendants conspired to create a

narrative in J.T.'s medical chart for the sole purpose of assisting Lathem in a custody

matter concerning J.T.   (Id. at 12).   On February 8, 2016, Lathem made entries in

J.T.'s medical chart that indicated the violation of an existing court order.   (Id. at 18).

J.T. has a right to appropriate medical care uninhibited by the interference of a parent

whose motives were only to win a custody case in court by disparaging the father.[2]   (Id.

at 27).

On September 24, 2010, the Family Court of the State of Delaware in and for

New Castle County, entered an order upon Tusha's petition to modify custody that

---

[2] The Complaint references court deception and court orders entered in the custody
dispute action in numerous paragraphs.   (See D.I. 1 at ¶¶ 53, 54, 56, 57, 58, 58b, 58c,
60, 61, 62).   To the extent that Tusha raises issues that have been resolved by
Delaware and Maryland Courts in the ongoing custody matter, the Rooker-Feldman
doctrine applies as this is a case "brought by a state-court loser complaining of injuries
caused by state-court judgments rendered before the district court proceedings
commenced and inviting district court review and rejection of those judgments."   Exxon
Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (cleaned up).
Allowing those claims to proceed against Defendants would allow Tusha to use the
federal courts to appeal state court judgments and, thus, would run afoul of the Rooker-
Feldman doctrine.   See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).   In addition, Tusha
seeks relief not available from this Court including a protection from abuse order to
prevent Lathem, a non-party, from physically or mentally abusing J.T.; an order to place
J.T. in the protective custody of Tusha during the pendency of this action to be made
permanent at the conclusion of the litigation; and an order enjoining Lathem, a non-
party, from providing medical services to J.T. (D.I. 1 at 59-60).

2

ordered Tusha and Lathem continue to share joint legal custody and provided that
Lathem had "primary residency" of J.T.   (D.I. 1-3 at 2-11).   The order references J.T.'s
not-yet-confirmed allergies, required the parents and J.T. to carry an EpiPen, and for
the parents to advise J.T.'s school of the possibility of allergies and the use of an
EpiPen as a precautionary measure.   (*Id.* at 8).   Tusha allege that J.T. does not have
any allergies.   (*Id.* at 12-15).   On December 18, 2018, the Circuit Court for Cecil
County, Maryland granted Lathem custody of J.T. and visitation to Tusha.   (D.I. 32 at
7).   On June 3, 2021, J.T. filed a petition to modify custody due to changed
circumstances in Case No. D-09-1037.   (*Id.* at 6-9).   The Court takes judicial notice
that the matter is ongoing and that a custody hearing is scheduled to take place on
August 31 and September 1, 2022.   *See Lathem v. Tusha*, 07-D-0900-1037, court
scheduling information.

For relief, Plaintiffs seek compensatory and punitive damages; an injunction to
prohibit Pediatric Associates, Dr. Masciantonio, and Lathem from providing medical
services and prescribing controlled substances or narcotics to J.T. during the pendency
of the litigation; a protection from abuse order to prevent Lathem from physically or
mentally abusing J.T.; an order to place J.T. in the protective custody of Tusha during
the pendency of this action to be made permanent at the conclusion of the litigation; and
a guardian ad litem to represent the interests of J.T.   (D.I. 1 at 59-60).
Contemporaneous with commencement of this action, Plaintiffs filed a motion for
appointment of guardian ad litem to represent the interests of J.T.   (D.I. 6).

3

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and (7) on the grounds that: (1) claims on J.T.'s behalf may only be asserted by counsel; (2) the Complaint fails to join a necessary party; (3) claims stemming from allegations outside their applicable statute of limitations are time-barred; (4) the Complaint is procedurally barred by the *Rooker-Feldman* doctrine; and (5) the Complaint fails to state claims upon which relief can be granted. (*See* D.I. 24, 26).

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

In reviewing a motion filed under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of

4

a cause of action.'"   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555).   I am "not required to credit bald assertions or

legal conclusions improperly alleged in the complaint."   *In re Rockefeller Ctr. Props.,*

*Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).   A complaint may not be dismissed,

however, "for imperfect statement of the legal theory supporting the claim asserted."

*Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive

plausibility."   *Id.* at 347.   That plausibility must be found on the face of the complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A claim has facial plausibility when the

[complainant] pleads factual content that allows the court to draw the reasonable

inference that the [accused] is liable for the misconduct alleged."   *Id.*   Deciding

whether a claim is plausible will be a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense."   *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally
> consider only the allegations in the complaint, exhibits attached to the
> complaint, matters of public record, and documents that form the basis of
> a claim.   A document forms the basis of a claim if the document is
> "integral to or explicitly relied upon in the complaint."   The purpose of this
> rule is to avoid the situation where a plaintiff with a legally deficient claim
> that is based on a particular document can avoid dismissal of that claim by
> failing to attach the relied upon document.   Further, considering such a
> document is not unfair to a plaintiff because, by relying on the document,
> the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217, 221-22 n.3 (3d Cir. 2004) (internal citations

omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426

(3d Cir. 1997).

   **B.     Rule 12(b)(7)**

5

When considering a Rule 12(b)(7) motion, the Court must determine: (1) whether the absent party is a necessary party; (2) if so, whether it is feasible to join the absent party to the action; and (3) if the absent party cannot be joined, whether the absent party is indispensable. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993).

The joinder of an absent party is necessary if feasible when:

> (1) in that person's absence, the court cannot accord complete relief among the existing parties; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).   If the absent party is indispensable, the court must dismiss the action. *General Refractories*, 500 F.3d at 312; *Janney Montgomery Scott*, 11 F.3d at 404.

## III.   DISCUSSION

### A.   Non-Attorney and Motion for Guardian Ad Litem

Defendants argue that J.T.'s claims should be dismissed because Tusha, who appears *pro se*, may not bring an action on behalf of J.T.   On April 5, 2021, Plaintiffs filed a motion to appoint a guardian ad litem for J.T.   (D.I. 6).

It is well-established that Tusha, as a non-attorney, may not act as an attorney for other individuals and may only represent himself in this court.   *See* 28 U.S.C. § 1654; *see also Osei-Afriyie v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d

6

Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).   And, every action must "be prosecuted in the name of the real party in interest."   Fed. R. Civ. P. 17(a)(1).   "This means that an 'action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right.'"   *Aetna Life Ins. Co. v. Found. Surgery Affiliates*, 358 F. Supp. 3d 426, 433 (E.D. Pa. Dec. 13, 2018).   Where the party in interest is a minor, Rule 17(c)(1) provides that a representative, such as a general guardian, committee, conservator, or like fiduciary, may sue on a minor's behalf.   If the minor does not have a representative, he or she may sue by a next friend or a guardian ad litem.   *See* Fed. R. Civ. P. 17(c)(2).   While Tusha may bring an action on behalf of J.T. as parent and guardian under Rule 17(c)(1), Third Circuit precedent holds that a *pro se* parent may not represent a minor child in litigation.   *See Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d at 882-83.

The law is clear that Tusha, as a *pro se* litigant cannot represent J.T. in this action and, further, cannot choose for J.T. proceed *pro se*.   *See Morel v. Smith*, 2017 WL 3326975, at *2 (M.D. Pa. June 27, 2017).   Plaintiffs understand this, as they state: "it is clear that Tusha must retain counsel to continue this action and requests the Court grant him time to locate and retain counsel to further proceed in this matter."   (D.I. 31 at 2).   Plaintiffs do not concede, however, that J.T.'s claims should be dismissed, but only that counsel must be obtained to proceed with the claims that involve J.T.   (D.I. 40 at 1-2).

Plaintiffs have known since at least June 21, 2021, that Tusha may not represent J.T. and that J.T. may not proceed without counsel, yet counsel has not appeared on

7

J.T.'s behalf.   Therefore, the motion to appoint a guardian ad litem for J.T. will be denied, and the Court will grant Defendants' motion to dismiss all claims raised by Tusha on behalf of J.T.   J.T.'s claims will be dismissed without prejudice.

## B.    Failure to Join Necessary Party

Defendants seek dismissal on the grounds that Plaintiffs failed to join Lathem as a necessary party under Rule 19(a), and noted that her joinder would destroy complete diversity since she, Tusha, and J.T. all reside in Maryland.   Tusha states that he did not name Lathem as a defendant because he has no interest in seeking monetary relief from Lathem, he plans on calling her as a witness, and he asserts jurisdiction not only based upon diversity of citizenship but also by reason of a federal question.[3]

The Complaint names Lathem as a "conspirator."   The Complaint's allegations are that Lathem is a joint tortfeasor.   The law is clear that joint tortfeasors are permissive parties are not necessary or indispensable parties under Rule 19.   This is a well-settled doctrine.   *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 6 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").   Accordingly, Defendants' motion to dismiss for failure to join a necessary party will be denied.

## C.    Statute of Limitations

Defendants move to dismiss all claims that are time-barred including civil

---

[3] As previously noted, this Court does not have jurisdiction by reason of a federal question.   *See* n.1, *supra*.

8

conspiracy and/or fraud claims accruing before April 5, 2018, *see* 10 Del. C. § 8106, claims for intentional infliction of emotional distress accruing before April 5, 2019, *see* 10 Del. C. § 8119, and claims for medical negligence accruing before April 5, 2019, *see* 10 Del. C. § 6856.   Tusha disagrees that the applicable statute of limitations apply to this action.

The Complaint alleges wrongful acts occurred from October 16, 2007 through June 2, 2020.   (D.I. 1 at ¶ 13).   Tusha commenced this action on April 5, 2021.   Civil fraud claims are subject to three-year statute of limitation, and the claim of a civil conspiracy is subject to the same three-year statute of limitations applicable to the underlying fraud allegation.   *See* 10 Del. C. § 8106; *Harden v. Johnson & Johnson*, 2018 WL 1313976, at \*3 (D. Del. Mar. 14, 2018); *Ramunno v. Cawley*, 705 A.2d 1029, 1039 (Del. 1998).   Emotional injuries are deemed personal injuries and have a two-year statute of limitations.   *See* 10 Del. C. § 8119; *Lankford v. Scala*, 1995 WL 156220, at \*5 (Del. Super. Feb. 28, 1995).   And, the two year statute of limitations generally applies to medical negligence claims.   *See GI Associates of Delaware, P.A. v. Anderson*, 2021 WL 537409, \*4 (Del. 2021).

Tusha argues that the conspiracy claim began ten years ago and continued until 2021 when Defendants sent a notice to Tusha that they would no longer provide medical services to J.T. At that point, on May 18, 2021, the conspiracy ended.   (*See* D.I. 22-1 at 2-3).   Tusha relies upon the continuing violation doctrine to support his position that the conspiracy claim is not time-barred.   He does not address the statute

9

of limitations for the other claims he raises other than to note that most of the
medications at issue were prescribed within the last three years.

The continuing violation doctrine provides that "when a defendant's conduct is
part of a continuing practice, an action is timely so long as the last act evidencing the
continuing practice falls within the limitations period; in such an instance the court will
grant relief for the earlier related acts that would otherwise be time barred."   *Brenner v.
Local 514, United Bhd. of Carpenters*, 927 F.2d 1283, 1295 (3d Cir.1991).   The
continuing violations doctrine "does not apply when plaintiffs are aware of the injury at
the time it occurred."   *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*,
331 F.3d 406, 417 n. 6 (3d Cir. 2003).

The Complaint alleges that on October 25, 2017, J.T. was diagnosed with
attention deficit disorder without hyperactivity, that Tusha "vehemently opposed the
proposed use of stimulants," and that as of December 21, 2018, there was a pending
custody case and that disagreement existed between the parents regarding J.T.'s
treatment.   (D.I. 1 at 18-19, 24).   As alleged, Tusha was aware of issues about which
he could have complained and about which he did complain.   Therefore, he may not
use the continuing violations doctrine to avoid the application of the statute of limitations
to his state law claims.   *See Seawright v. Greenberg*, 233 F. App'x 145, 149 (3d Cir.
2007).   Accordingly, all conspiracy claims that occurred prior to April 5, 2018 are barred
by the appliable three-year limitation period, as are any fraud claims alleged to have
occurred prior to April 5, 2018.   All other claims subject to a two-year limitation period

10

(*i.e.*, medical negligence, medical malpractice, and intentional infliction of emotional distress) that occurred prior to April 5, 2019 are time-barred.

The only allegations for those claims that are not time-barred are set forth in the Complaint at Docket Item 1, ¶¶ 33-52.

### D.   Deficient Pleading

Defendants argue that all counts fail to state claims upon which relief can be granted.   Tusha responds that the position is without merit.   In the alternative, he seeks leave to amend any deficiency found by the Court.

The medical negligence/medical malpractice claims of Counts I and II will be dismissed.   They are personal to J.T.   Tusha cannot assert them.   Thus, they will be dismissed as to Tusha, without leave to amend.   And, as discussed above, all other claims raised on behalf of J.T. (that is, Counts III, IV, and V) will be dismissed without prejudice, including intentional infliction of emotional distress, fraud and conspiracy, and vicarious liability.

### 1.   Intentional Infliction of Emotional Distress

Defendants seek dismissal of Tusha's claim for intentional infliction of emotional distress on the grounds that the claim rests upon the care and treatment provided by Dr. Masciantonio to J.T. and not to any specific action taken by Dr. Masciantonio directly against Tusha.   Tusha argues that the medication prescribed for J.T. caused emotional distress to both Plaintiffs.

The Complaint alleges that Tusha "has suffered and continues to suffer emotional distress, the cause of which, is the outrageous conduct of the defendants . . .

11

including but not limit[ed to] dealing with the abuse of [J.T.] . . . [Tusha] suffers financial

loss . . . [and Tusha] is in constant fear of what the defendants will do next to [J.T.] and

what other consequences [J.T.] will suffer from being forced to take drugs she does not

need, drugs that do not help her and worse, what 'Masciantonio' and 'Lathem' will

conjure up next to further torture [J.T.] for wanting to live with her father."   (D.I. 1 at 52-

54).

      "A claim for intentional infliction of emotional distress . . . requires proof that

[Defendant] intentionally engaged in extreme or outrageous conduct that caused severe

emotional distress."   *Hunt v. State, Dep't of Safety & Homeland Sec.,* 69 A.3d 360, 367

(Del. 2013).   In Delaware, the elements of the tort of intentional infliction of emotional

distress are defined by Restatement (Second) of Torts § 46.   They are:

> (1) One who by extreme and outrageous conduct intentionally or
> recklessly causes severe emotional distress to another is subject to
> liability for such emotional distress, and if bodily harm to the other results
> from it, for such bodily harm.
>
> (2) Where such conduct is directed at a third person, the actor is subject to
> liability if he intentionally or recklessly causes severe emotional distress
>     (a) to a member of such person's immediate family who is present
>     at the time, whether or not such distress results in bodily harm, or
>     (b) to any other person who is present at the time, if such distress
>     results in bodily harm.

*Esposito v. Townsend*, 2013 WL 493321, at *6 (Del. Super. Ct. Feb. 8, 2013) (quoting

Restatement (Second) of Torts § 46).

      The Complaint fails to allege the elements of a claim for intentional infliction of

emotional distress.   Tusha cannot bring such a claim given the allegations that it was

J.T. who was directly targeted by Defendants' alleged tortious conduct.   In addition, the

Complaint does not allege that Tusha was present at the time of any alleged tortious conduct.   *See, e.g.*, *Cooper v. Board of Educ. of Red Clay Consol. Sch. Dist.*, 2009 WL 3022129, at *1 (Del. Super. Ct. 2009).   Accordingly, the Court will grant the motion to dismiss this claim.

### 2.   Fraud and Conspiracy

Defendants argue that the Complaint fails to state claims for fraud and conspiracy.   Tusha argues that he has asserted claims consistent with the requirements of Federal Rule of Civil Procedure 9(b).   He contends that Defendants intentionally misdiagnosed J.T., prescribed unnecessary medication, and manipulated relevant medical charts for an unlawful purpose.

The Complaint alleges fraud "through manipulation of [J.T.'s] medical chart to justify prescribing drugs unrelated to any medically diagnosed condition that would require such prescribed medications."   (D.I. 1 at 38).   It alleges that "one overall objective of these frauds is intended to be perpetrated upon [Tusha] through deception of multiple Courts where [J.T.'s] medical chart is the key evidence used to deceive the courts, and the injuries to [Tusha] . . are direct as well as collateral damage of the overall conspiracy and fraud."   (*Id*. at 38-39).   It also alleges that "[Tusha] had to defend this fraud in Court and the Court was deceived despite the now proved fact that [J.T.] does not have these conditions."   (*Id*. at 39).   Tusha alleges that the September 2010 custody order remains in effect and this amounts to fraud.   (*Id*. at 40).

### a.   Fraud

13

Defendants argue that the Complaint fails to allege the requisite elements of fraud.   To state a claim of fraud under Delaware law, the complaint must allege:

> (1) a false representation, usually one of fact . . ; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.

*Hauspie v. Stonington Partners, Inc.*, 945 A.2d 584, 586 (Del. 2008).   Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

The Complaint has pleading deficiencies.   The allegations of fraud are conclusory and do not allege the required elements.   For example, the Complaint alleges that fraud occurred due to the medical diagnoses and recommendations, while at the same alleging that Tusha disagreed with the medical treatment provided J.T. Disagreement does not translate into fraud.   The Complaint does not allege that Defendants intended to induce Tusha to take any action based upon J.T.'s medical care.   To the contrary, it is clear from the allegations that Tusha did not alter his behavior based on Defendants' statements or actions.   *See Keystone Associates, LLC v. Fulton*, 2019 WL 3731722, at *3 (D. Del. Aug. 8, 2019) (complaint failed to state a fraud claim because it failed to plead facts showing reliance).

Finally, it is clear that the issue of fraud goes to the heart of the September 2010 custody order.   As noted, this Court may not review the order under the *Rooker-Feldman* doctrine.   *See* n.2, *supra*.   Tusha's remedy lies in the State Court.   And, as previously discussed, the frauds claim prior to April 5, 2018 are time-barred.

Accordingly, the fraud claim will be dismissed.

14

### b.    Conspiracy

Defendants argue dismissal is appropriate as the Complaint alleges a civil conspiracy in a conclusory manner.   The Complaint alleges Defendants conspired with one another and carried out the underlying wrongs of medical malpractice, medical negligence, common law fraud, and intentional infliction of emotional distress.

Under Delaware law, the Complaint must plead three elements to state a claim for civil conspiracy:   "(1) a confederation or combination of two or more persons; (2) an unlawful act done in furtherance of the conspiracy; and (3) actual damage." *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 n.8 (Del. 2005).   "In Delaware, civil conspiracy is not an independent cause of action.   'Although the elements of a claim for civil conspiracy are flexible, it is essential that there be an underlying wrongful act, such as a tort or a statutory violation.   An actionable tort must accompany any conspiracy in order for there to be a recovery.'" *Rogers v. Bushey*, 2018 WL 818374, at *7 (Del. Super. Ct. Feb. 7, 2018), *aff'd*, 195 A.3d 467 (Del. 2018).

The Complaint does not state any claims for the underlying wrongs of medical malpractice, medical negligence, common law fraud, and intentional infliction of emotional distress.   Accordingly, the conspiracy claim fails as a matter of law. Defendants' motion to dismiss this claim will be granted.

### E.    Vicarious Liability

Defendants posit that because the Complaint fails to state a claim for negligence, fraud or any other tort, the vicarious liability claim fails as a matter of law.

"Under the well entrenched doctrine of agency law known as *respondeat superior*, an employer is subject to liability for torts committed by employees while acting within the scope of their employment."   *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019) (cleaned up).   "It is the negligence of the employee that is imputed to the employer, not the employee's liability. . . . And . . . the negligence of the employee must be the focus of any inquiry into the vicarious liability of the employee under the doctrine of *respondeat superior*."   *Id.* at 729-30 (Del. 2019) (cleaned up).

Here, the Complaint fails to state any negligence (or other tort) claims.   In the absence of cognizable claims, there can be no vicarious liability.   *See, e.g.*, *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187 n.85 (Del. 2015

Therefore, Defendants' motion to dismiss the vicarious liability claim will be granted.

## IV.   CONCLUSION

For the above reasons, the Court will: (1) deny the motion for appointment of guardian ad litem to represent interests of J.T.; and (2) grant Defendants' motion to dismiss.   Tusha will be given limited leave to amend.

A separate order shall issue.