**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| SIMON TUSHA and JADE TUSHA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-494-RGA |
| | ) | |
| PEDIATRIC ASSOCIATES, P.A., and ANN | ) | |
| M. MASCIANTONIO, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Defendants Pediatric Associates, P.A. and Ann M. Masciantonio, M.D., move to dismiss the First Amended Complaint (D.I. 51) for failure to state a claim. (D.I. 55.) The motion was referred to me by Judge Andrews on April 4, 2023. (D.I. 63.) The motion is fully briefed (D.I. 56, 57, 58), and I held a hearing on June 9, 2023 ("Tr __."). For the reasons announced from the bench on June 9, 2023, I recommend that Defendants' motion be GRANTED-IN-PART and DENIED-IN-PART.

### I.   LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In determining the sufficiency of the complaint under the plausibility standard, all "well-pleaded facts" are assumed to be true, but legal

conclusions are not. *Id.* at 679. The inquiry is not "whether a plaintiff will ultimately prevail" but instead only "whether the plaintiff is entitled to offer evidence to support his or her claims." *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

An allegation of fraud must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. That rule requires a complaint alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has interpreted the rule to require that plaintiffs "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged' and 'plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Alpizar–Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018) (cleaned up) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). However, knowledge and intent "may be alleged generally." Fed. R. Civ. P. 9(b).

## II.    DISCUSSION

The Court's report and recommendation was announced from the bench on June 9, 2023, as follows:

> I am ready to give my report and recommendation on the pending motion to dismiss. I recommend that the motion be granted-in-part and denied-in-part. I will summarize the reasons for that recommendation in a moment, but before I do, I want to be clear that my failure to address a particular argument or case cited by a party does not mean that I did not consider it. We've carefully considered everything.
>
> Because I'm primarily speaking for the parties and the District Judge, I will mention only those facts necessary to resolve the motion in front of me. I will summarize the more pertinent allegations in the First Amended Complaint ["FAC"].

2

Plaintiff Simon Tusha is the father of Plaintiff J.T. J.T. was a minor when the original complaint was filed on April 5, 2021. According to the complaint, J.T. was born on June 2, 2005, which makes J.T. 18 years old as of last week.

The record reflects that, prior to J.T. turning 18, her father, Plaintiff Tusha, and her mother, non-party Jennifer Lathem, were involved in a contentious custody dispute. During that time, Lathem was employed as a medical assistant for Defendant Pediatric Associates, P.A., a professional services corporation organized under Delaware law.

J.T. received medical treatment services at Pediatric Associates and was treated there on over 164 occasions from May 2018 through May 2021. According to the FAC, Pediatric Associates was operated by [Defendant] Dr. Ann M. Masciantonio. Defendant Masciantonio supervised Lathem and treated J.T.

The FAC alleges that Defendants Masciantonio and Pediatric Associates allowed Lathem and other employees to make false entries on J.T.'s medical records that fabricated symptoms so that Lathem could use the medical records in court proceedings regarding custody over J.T. The FAC further alleges that Dr. Masciantonio and Pediatric Associates allowed Lathem and others to prescribe J.T. unnecessary medications that negatively affected J.T.'s physical, emotional, and mental well-being, manifesting in the form of lower grades and social isolation. The FAC alleges that Defendants' conduct fell below the degree of skill and care ordinarily employed in the field of medicine. The FAC contains seven claims.

Defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although the plausibility standard does not impose a probability requirement, it does require that a pleading show more than a sheer possibility that the defendant has acted unlawfully.

In reviewing the sufficiency of a complaint, the Court must take three steps.  First, the Court must take note of the elements the plaintiff must plead to state a claim.  Second, the Court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, when there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[1]

We started the hearing today talking about whether Pediatric Associates is properly named as a defendant given that it is an entity that no longer exists.[2]  During the hearing, counsel for Plaintiffs agreed that it is appropriate to dismiss the claims against Pediatric Associates, but he requested leave to amend to name the appropriate entity.[3]  Accordingly, I recommend that the claims against Pediatric Associates be dismissed and that Plaintiffs be granted leave to amend.

We also talked about whether J.T. should be prosecuting this case for herself in her own name, and everyone agreed that she should.[4]  I ordered that the caption be amended to reflect that.[5]

Turning to the claims, Count One is a medical malpractice claim by J.T., who I will now start referring to as Ms. Tusha, against Pediatric Associates.  Count Two is a medical malpractice claim by Ms. Tusha against Dr. Masciantonio.

Defendants say that Counts One and Two fail to state a claim.  The elements of a medical negligence claim are duty, breach, causation, and damages.  The duty of a health care provider is the use of the degree of skill and care ordinarily employed in the same

---

[1] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] (Tr. 4:19–6:8.)

[3] (Tr. 23:19–24:16.)

[4] (Tr. 2:23–3:21.)

[5] (Tr. 3:12–21; D.I. 67.)

4

or similar field of medicine as the defendant and the use of reasonable care and diligence.[6]

When assessing a motion to dismiss, courts generally look to see whether the allegations of medical negligence contain sufficient facts to inform the defendants of what duty was breached, who breached it, what act breached the duty, and which party was acted upon.[7]

As I already mentioned, Count One will be dismissed in accordance with Plaintiffs' agreement that the claims against Pediatric Associates should be dismissed.

Other than that, I agree with Plaintiffs that the medical negligence counts state a claim against Dr. Masciantonio and the practice. The FAC alleges that Dr. Masciantonio and employees of Pediatric Associates breached the standard of care by, for example, prescribing [Ms. Tusha] unnecessary medication that caused her negative physical effects. The FAC further alleges that Dr. Masciantonio and Pediatric Associates were negligent in failing to supervise Lathem, who caused some of the prescriptions to be issued. In short, the FAC alleges everything you need to state a medical malpractice claim: it alleges that Defendants owed duties consistent with the standard of care to the patient, [Ms. Tusha], it explains what those duties are and how they were breached, and it identifies upon whom the act was performed and injuries caused.[8] Although some of the allegations are conclusory, they are supported by other paragraphs of the [FAC] that contain more specific details such as dates, the names of particular prescription drugs and specific erroneous diagnoses, etc.

Defendants point out that some of the actions alleged in the FAC occurred more than two years prior to the filing of the initial complaint, and Defendants contend that those actions are therefore barred by the two-year limitations period applicable to medical negligence claims in Delaware. Plaintiffs respond that the continuing violation doctrine applies. That doctrine permits a

---

[6] 18 Del. C. § 6801.

[7] *Bowden v. Pinnacle Rehab. & Health Center*, No. K15C-02-019, 2015 WL 1733753, at *2 (Del. Super. Ct. Apr. 8, 2015); *Slade v. Carroll*, No. 03C02033WLW, 2004 WL 440381, at *2 (Del. Super. Ct. Feb. 25, 2004).

[8] (D.I. 51 ("FAC") ¶¶ 47–50, 55–59.)

5

plaintiff to sue for actions that occurred outside the typical limitations period if the defendant's conduct is part of a continuing practice and the last act evidencing the continuing practice falls within the limitations period.  To determine whether that doctrine applies, the Court must examine the facts alleged by the plaintiff and determine whether the negligent treatment can be segmented or instead is so inexorably intertwined that there is one continuous wrong.[9]

I have doubts as to the applicability of the continuing violation doctrine in this case, but they don't need to be sorted out at the motion to dismiss stage.  Ms. Tusha alleges acts such as the inappropriate administration of medication that occurred outside the period, but she also alleges that the administration of medication continued through May 2021, which is within the limitations period.[10]  The motion to dismiss should therefore be denied, and the claim is moving forward to discovery.  If discovery reveals that the acts alleged are not inexorably intertwined and instead can be segmented, Defendants are free to raise the statute of limitations defense as to the older acts at the summary judgment stage of the case.

Defendants also contend that Counts One and Two in the FAC failed to comply with the affidavit of merit requirement in 18 Delaware Code § 6853.  However, the docket reflects that Plaintiffs filed, at D.I. 52, an affidavit of merit from Dr. Hackell that tracks the statutory language, and Plaintiffs attached Dr. Hackell's CV to the FAC, which is Exhibit 1 to D.I. 51.[11]

Defendants also contend that Counts One and Two are barred by the *Rooker-Feldman* doctrine.  That doctrine prohibits federal courts from reviewing cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[9] *GI Assocs. of Del., P.A. v. Anderson*, 247 A.3d 674, 680 (Del. 2021) (quoting *Ewing v. Beck*, 520 A.2d 653, 662 (Del. 1987)).

[10] (FAC ¶ 35.)

[11] *See Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011) ("[A]n expert may comply with Section 6853 by providing an affidavit of merit that tracks the statutory language.").

before the district court proceedings commenced and inviting district court review and rejection of those judgments.[12]

The Third Circuit has explained that the doctrine only applies where one, the federal plaintiff lost in state court; two, the plaintiff complains of injuries caused by the state-court judgment; three, those judgments were rendered before the federal suit was filed; and four, the plaintiff is inviting the district court to review and reject the state judgment.[13]

All of those elements are required, and they are not all satisfied here. While it is true that the FAC alleges that Defendants' actions led to adverse state court judgments, the injuries alleged in the FAC are injuries suffered as a result of alleged medical negligence, not the state court judgments. And there is no state judgment that this court is reviewing by hearing the medical negligence claim.

In sum, the Court denies Dr. Masciantonio's motion to dismiss Count Two.

Count Three is a common law fraud claim by both Plaintiffs against Defendant Dr. Masciantonio. Under Delaware law, the elements of fraud are one, a false representation, usually one of fact; two, the defendant's knowledge or belief that the representation was false or made with reckless indifference to the truth; three, an intent to induce the plaintiff to act or refrain from acting; four, the plaintiff's action or inaction taken in justifiable reliance upon the representation; and five, damage to the plaintiff as a result of such reliance.[14]

Fraud claims must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. That rule requires a complaint alleging fraud to state with particularity the circumstances constituting fraud.

---

[12] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

[13] *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

[14] *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992).

I agree with Defendants that the fraud claim should be dismissed. While the FAC alleges in a conclusory fashion that Defendant Masciantonio, individually and through the collective actions of Defendant Pediatric Associates and Lathem, made false representations with the intent to harm the collective Plaintiffs, [D.I. 51 ¶ 61)], the FAC does not plausibly identify any particular statement made by Dr. Masciantonio or any particular employee of Pediatric Associates that is alleged to be false, nor has the FAC explained how any such statement was intended to induce either Plaintiff to act or that either Plaintiff justifiably relied on that statement.

In Plaintiffs' answering brief, Plaintiff's counsel points to paragraphs 28 and 29 as describing with particularity Defendants' false statement.[15] Paragraph 28 alleges that "on December 13, 2018, J.T. began exhibiting instances of self-mutilation, change of behavior, and withdrawing from social connection. J.T.'s records indicate the Defendants noted that the Zoloft was making J.T.'s treatment worse, and that J.T. required additional treatment to due to the harm caused by Defendants over-prescribing of unnecessary medication." [In] [p]aragraph 29, Plaintiffs allege that Dr. Masciantonio received a message from J.T.'s therapist regarding J.T.'s condition and was informed of the negative effect Defendants' prescriptions and Lathem's behavior were having on J.T., but that Dr. Masciantonio "took no action to amend to change J.T.'s treatment."

I disagree that those paragraphs support a fraud claim. Among other problems, neither of those paragraphs identify a statement that is alleged to be false, there is no allegation that the statements were intended to induce Plaintiff [Ms. Tusha] or her father from acting, and there's no allegation that Plaintiffs took any action in justifiable reliance on a false statement.

Plaintiffs also point to paragraphs 37 to 43 of the FAC.[16] But those paragraphs, under a section entitled "Defendant's [sic] Failure To Supervise," exclusively contain general, conclusory allegations regarding Defendants' alleged failure to supervise Lathem, and do not contain any well-pleaded fraud allegation. The only paragraph in that section that comes close to alleging a false statement is

---

[15] (D.I. 57 at 20–21; FAC ¶¶ 28, 29.)

[16] (D.I. 57 at 20–21; FAC ¶¶ 37–43.)

paragraph 40, which states that "Defendants communicated their false and misleading diagnoses with J.T., which created a false mental impression of J.T.'s physical condition, which caused severe physical, mental and emotional damage to J.T." That paragraph only pertains to [Ms. Tusha], not her father. It doesn't identify who made the false and misleading statements, what those statements were, [or] when they were made, and there are no other well-pleaded allegations to tie together how any alleged false statement amounted to a fraud on Ms. Tusha.

For those reasons, I conclude that the fraud claim in Count Three has not been pleaded with sufficient particularity to put Defendants on notice of the conduct with which they are charged. The fraud claim does not satisfy Rule 9(b) and I recommend that it be dismissed.

Count Four alleges that Defendant Pediatric Associates aided and abetted false representations of other parties, presumably Dr. Masciantonio, to harm Plaintiffs. However, where there is no underlying wrongful act, there can be no aiding and abetting liability. Because I recommend that Pediatric Associates be dismissed, and because I recommend dismissing the fraud claim, I must also recommend dismissing the aiding and abetting fraud claim.[17]

Counts Five and Six allege that Defendants intentionally inflicted emotional distress upon [Ms. Tusha], that's Count Five, and [Mr.] Tusha, that's Count Six.

Under Delaware law, a claim of intentional infliction of emotional distress requires that the defendant intentionally or recklessly caused severe emotional distress to another by extreme and outrageous conduct.[18]

Judge Andrews previously concluded that the original complaint failed to state a claim by Plaintiff Mr. Tusha for intentional infliction of emotional distress. The FAC does not cure the deficiencies previously identified by Judge Andrews, so I

---

[17] *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 61 F. Supp. 3d 391, 400–01 (D. Del. 2014).

[18] *Gary v. Deluxe Corp.*, No. 20-1632, 2022 WL 2817864, at *5 (D. Del. July 19, 2022) (quoting Restatement (Second) of Torts § 46 (Am. Law. Inst. 1975) and citing *Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990) (per curiam)).

recommend that Count Six again be dismissed.  As an aside, I also note that counsel confirmed at the hearing this morning that Mr. Tusha's allegation of harm is the harm that he experienced as a result of the state court orders, so this claim might very well implicate the *Rooker-Feldman* doctrine.[19]  I also note that it appears that Mr. Tusha could and did raise in the state court proceedings allegations that his daughter was being subjected to inappropriate medical treatment by his wife.

As for Count Five, I recommend letting Ms. Tusha's claim go forward at this stage, as I can't say at this stage that the allegation that a minor child's medical providers intentionally misdiagnosed her and prescribed her unnecessary medication in order to influence a custody dispute does not qualify as extreme and outrageous conduct.  In particular, paragraph[s] 28, 29, [and] 33 to 35 plausibly suggest that Dr. Masciantonio and Lathem, who was an employee of Pediatric Associates, knew that the medications were inappropriate but continued to prescribe them until May 2021, in the limitations period.  Whether Ms. Tusha will be able to prove those allegations, only time will tell.

To be clear, I am by no means suggesting that run-of-the-mill medical malpractice allegations that are recast as allegations that the doctor knew the treatment was improper will be enough in the usual case to support an intentional infliction of emotional distress claim.  Here, however, Ms. Tusha has pleaded more than just run-of-the-mill medical malpractice.  Among other things, she has pleaded that Defendants had a motive to cause her harm.

Count Seven alleges a civil conspiracy against all Defendants based on the underlying medical malpractice, fraud, and intentional infliction of emotional distress claims.  Count Seven alleges that Defendants, that is Dr. Masciantonio and Pediatric Associates, conspired with each other.

The conspiracy claim relating to medical malpractice should be dismissed because, among other reasons, medical negligence claims cannot be the basis for a conspiracy claim as one cannot conspire to commit negligence.[20]

---

[19] (Tr. 20:12–21:2.)

[20] *Szczerba v. Am. Cigarette Outlet, Inc.*, No. N13C-09-080, 2016 WL 1424561, at *3 (Del. Super. Ct. Apr. 1, 2016) ("There is no such thing as a conspiracy to commit negligence or, more

The conspiracy claim relating to fraud should be dismissed because, among other reasons, the [FAC] does not state a claim for fraud.[21]

Mr. Tusha's conspiracy claim related to the intentional infliction of emotional distress claim should be dismissed because Mr. Tusha does not state a claim for intentional infliction of emotional distress.[22]

Ms. Tusha's claim that Defendants Dr. Masciantonio and Pediatric Associates conspired with each other will be dismissed because Plaintiffs have cited no support for the proposition that a doctor can conspire with her own professional corporation, and I am not aware of any.  There is also no allegation that Dr. Masciantonio formed an agreement with anyone to commit the alleged wrongful act.

Defendants also ask the Court to strike the Plaintiffs' request for punitive damages.  Punitive damages are recoverable when the defendant's conduct exhibits a wanton or willful disregard for the plaintiff's rights.  Delaware courts generally refrain from resolving punitive damages claims in a summary fashion, and punitive damages claims should not be dismissed so long as the allegations support a reasonable inference that the defendant's conduct meets the standard for punitive damages.[23]

Assuming the allegations in the FAC are true, as I must on a motion to dismiss, I agree with Plaintiffs that the medical malpractice conduct as alleged raises a reasonable inference that Defendant's conduct exhibited a wanton or willful disregard for

---

precisely, to fail to exercise due care." (quoting *Anderson v. Airco, Inc.*, No. Civ.A. 02C-12-091HDR, 2004 WL 2827887, at *4 (Del. Super. Ct. Nov. 30, 2004))).

[21] *See Alsco, Inc. v. Premier Outsourcing Plus, LLC*, No. 19-1631, 2020 WL 4209192, at *10 (D. Del. July 22, 2020) ("[C]ivil conspiracy is not an independent cause of action in Delaware, but requires an underlying wrong which would be actionable absent the conspiracy." (quoting *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 694 (Del. Super. Ct. 1986))), *report and recommendation adopted*, 19-1631, 2020 WL 4501921 (D. Del. Aug. 5, 2020).

[22] *Id.*

[23] *Ruoff v. Dilks*, No. N14C-12-254, 2015 WL 5438698, at *2 (Del. Super. Ct. June 16, 2015) (citations omitted).

11

Plaintiff Ms. Tusha's rights.  Accordingly, I recommend declining to strike the punitive damages request.

So, in sum, I recommend that Defendants' motion to dismiss be granted-in-part and denied-in-part.  Ms. Tusha's medical malpractice and intentional infliction of emotional distress claims should go forward as against Dr. Masciantonio.  Everything else should be dismissed without prejudice and with leave to refile an amended pleading within 14 days.

And that concludes my report and recommendation.

## III.    CONCLUSION

For the reasons set forth above, I recommend that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 55) should be GRANTED-IN-PART and DENIED-IN-PART.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: July 11, 2023

The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE