IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIMON TUSHA and JADE TUSHA, <br><br> Plaintiffs, <br><br> v. <br><br> PEDIATRIC ASSOCIATES, P.A., and ANN M. MASCIANTONIO, M.D., <br><br> Defendants. | Civil Action No. 21-494-RGA |

## MEMORANDUM OPINION

E. Calvin Harmon, Jr., Wilmington, DE,

    Attorney for Plaintiffs.

Alexandra D. Rogin, Colleen D. Shields, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, DE,

    Attorneys for Defendants.

September 12, 2023

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report and Recommendation of a United States Magistrate Judge. (D.I. 68). It addresses Defendants' motion to dismiss for failure to state a claim. (D.I. 55). The Report recommends that I grant-in-part and deny-in-part the motion. (D.I. 68). Defendants filed objections to the Report. (D.I. 69). Plaintiffs responded to Defendants' objections. (D.I. 70).

I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of the facts except as I see necessary to explain my decision.

## I.  LEGAL STANDARDS

### A. Standard of Review

A magistrate judge may make a report and recommendation regarding a case-dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A motion to dismiss for failure to state a claim is considered a dispositive motion. D. Del. LR 72.1(a)(3). The Court may accept, reject, or modify the Magistrate Judge's recommendation. Fed. R. Civ. P. 72(b)(3).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. DISCUSSION

Plaintiffs are Simon Tusha and Jade Tusha. Defendants are Pediatric Associates, P.A., and Ann M. Masciantonio, M.D. Plaintiffs brought claims against Pediatric Associates and Dr. Masciantonio alleging medical negligence, common law fraud, aiding and abetting fraud, intentional infliction of emotional distress ("IIED"), and conspiracy. During the relevant time period, Ms. Tusha's mother, Jennifer Lathem, was a medical assistant employed by Pediatric Associates. (D.I. 51 ¶ 11-12, 14). The claims are related to medical services that Defendants

3

provided to Ms. Tusha from 2018 to 2021. (*Id.* ¶¶ 54, 84-87). Defendants filed a motion to dismiss for failure to state a claim. The Report held that only Ms. Tusha's medical negligence and IIED claims against Dr. Masciantonio should move forward. Hence, the Magistrate Judge recommended denying the motion to dismiss with respect to Ms. Tusha's medical negligence claim (Count Two) and her IIED claim (Count Five), and she recommended granting the motion with respect to all other claims.

### A. Defendants' Objections

Defendants object to the Magistrate Judge's findings that negligence and IIED allegations arising prior to April 5, 2019, should not be dismissed at this stage. (D.I. 69 at 2-3, 6). Defendants contend that I already barred the allegations. (*Id.* at 3). Defendants argue that the continuing violation doctrine does not apply because Plaintiffs have alleged actions that "were months apart," and Plaintiffs "were aware of the issues complained of at the time of the alleged acts." (*Id.* at 4-6). Defendants contend that all negligence allegations "other than those related to the 2020 Oxycodone prescription should be dismissed." (*Id.* at 6). Defendants similarly argue that claims related to conduct or prescriptions prior to April 5, 2019, cannot form the basis of Plaintiffs' IIED claims because the continuing violation doctrine does not apply. (*Id.*).

Defendants raise several other arguments for why Plaintiffs' IIED claims should fail on the merits. Defendants argue there is "no legal basis" to hold Dr. Masciantonio liable for intentional torts committed by other people. (*Id.* at 8). Defendants also contend that Plaintiffs' claims fail under a respondeat superior theory because Ms. Lathem's actions fell outside the scope of her employment at Pediatric Associates. (*Id.* at 9). Focusing on the 2020 Oxycodone prescription, Defendants argue that Dr. Masciantonio's prescription orders are insufficient on their own for a reasonable jury to find extreme and outrageous conduct. (*Id.* at 7). Defendants

4

also contend that the First Amended Complaint ("FAC") fails to support the allegation that Dr. Masciantonio had an "agenda." (*Id.* at 8-9).

### B. Medical Malpractice

I agree with the Magistrate Judge that Ms. Tusha has stated a medical negligence claim against Dr. Masciantonio. To establish a medical negligence claim, a plaintiff must show duty, breach, causation, and damages. 18 Del. C. § 6801(7); *see also Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804-05 (D. Del. 2003). "The standard of skill and care required of every health-care provider in rendering professional services or health care to a patient shall be that degree of skill and care ordinarily employed in the same or similar field of medicine as defendant, and the use of reasonable care and diligence." 18 Del. C. § 6801(7); *Bonesmo*, 253 F. Supp. 2d at 804-05.

I adopt the Magistrate Judge's finding that "the FAC alleges everything you need to state a medical malpractice claim." (D.I. 68 at 5). The FAC alleges that Dr. Masciantonio owed a duty to Ms. Tusha consistent with the standard of care, that Dr. Masciantonio breached her duty, and that her conduct caused injuries to Ms. Tusha. (*Id.*) Although Defendants argue that conduct arising prior to April 5, 2019, should be time-barred, I agree with the Magistrate Judge that at this stage it is premature to determine the applicability of the continuing violation doctrine.

Under the continuing violation doctrine, "[w]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Shah v. Danberg*, 855 F. Supp. 2d 215, 224 (D. Del. 2012) (citation omitted). A plaintiff may then be allowed to sue over actions that would otherwise be barred by the statute of limitations. *Id.* To determine whether the doctrine applies, a court

5

"should consider at least three factors: (1) subject matter—whether the violations constitute the same type of [conduct], tending to connect them in a continuing violation; (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence—whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of . . . continuing [conduct]." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (citation omitted). The last factor is the most important one. *Id.* (citation omitted).

Defendants cite *Spencer v. Courtier*, 552 F. App'x 121, 123-24 (3d Cir. 2014), for the proposition that the doctrine should not apply when a party's actions occurred months apart. Contrary to this contention, "courts have never set a specific standard for determining how close together the acts must occur to amount to a continuing violation." *Cowell*, 263 F.3d at 295. The circumstances in *Spencer* also differ from the present case. The Third Circuit noted that the *Spencer* plaintiff, who did not allege any acts within the statute of limitations, was aware of his claim and could have filed a timely complaint. *Spencer*, 552 F. App'x at 123-24. Ms. Tusha's allegations related to Oxycodone, however, fall within the statute of limitations, and Defendants do not argue that Ms. Tusha had the necessary information to sue earlier. Defendants' objections are limited to Mr. Tusha's knowledge and are inapplicable given that Ms. Tusha is the only plaintiff moving forward. My prior decision does not bar Ms. Tusha from re-pleading allegations from the original complaint because I only dismissed claims asserted by Mr. Tusha. (D.I. 42 at 10-11). Lastly, the continuing violation issue in *Spencer* was resolved at the summary judgment stage, not on a motion to dismiss. *Spencer*, 552 F. App'x at 122-23. I agree with the

6

Magistrate Judge that Dr. Masciantonio is free to raise the statute of limitations defense at a later time.

Even if the continuing violation doctrine did not apply, Ms. Tusha's medical negligence claim against Dr. Masciantonio would not be dismissed. Defendants do not argue that allegations of negligence related to the 2020 Oxycodone prescription should be dismissed. (*See* D.I. 69 at 6). I therefore agree with the Magistrate Judge that Ms. Tusha may proceed with Count Two of the FAC.

### C. Intentional Infliction of Emotional Distress

For the same reasons described above, I agree with the Magistrate Judge that Ms. Tusha's IIED claim should not be dismissed on statute of limitations grounds at this stage. I also agree with the Magistrate Judge that Ms. Tusha has stated an IIED claim against Dr. Masciantonio. To state a claim for IIED, a plaintiff must show that the defendant intentionally or recklessly caused severe emotional distress to another by extreme and outrageous conduct.[1] *Gary v. Deluxe Corp.*, 2022 WL 2817864, at *5 (D. Del. July 19, 2022) (citations omitted).

The Magistrate Judge found that an "allegation that a minor child's medical providers intentionally misdiagnosed her and prescribed her unnecessary medication in order to influence a custody dispute" could constitute extreme and outrageous conduct. (D.I. 68 at 10). The FAC alleges that Ms. Tusha "began exhibiting instances of self-mutilation, change of behavior, and withdrawing from social connection," and that Defendants noted the Zoloft they had prescribed was worsening Ms. Tusha's treatment. (D.I. 51 ¶ 28). Plaintiffs allege Ms. Tusha's therapist informed Dr. Masciantonio that the prescriptions and Ms. Lathem's behavior were having a

---

[1] Defendants' contention that the FAC does not indicate Dr. Masciantonio's "agenda" is inapposite because motive is not an element of an IIED claim.

negative effect on Ms. Tusha, but Dr. Masciantonio did not act. (*Id.* ¶ 29). The FAC further alleges that Defendants continued to give Ms. Lathem access to Ms. Tusha's medical files. (*Id.* ¶ 34). Contrary to Defendants' contention, Plaintiffs have pleaded more than the mere allegation that Dr. Masciantonio prescribed Oxycodone to Ms. Tusha. The Magistrate Judge found that the FAC plausibly suggests that Dr. Masciantonio "knew that the medications were inappropriate but continued to prescribe them until May 2021." (D.I. 68 at 10).[2] Accepting the well-pleaded allegations in the FAC as true and viewing them in the light most favorable to Ms. Tusha, I agree with the Magistrate Judge.

### D. Remaining Claims

The Magistrate Judge ordered that the caption be amended to reflect that Ms. Tusha will prosecute this case for herself in her own name. (*Id.* at 4). The parties agreed. (*Id.*). The Magistrate Judge also recommended that the claims against Pediatric Associates be dismissed given that the entity no longer exists. (*Id.*). The Magistrate Judge recommended that Plaintiffs be granted leave to amend the FAC to name the appropriate entity. (*Id.*). I agree with the Magistrate Judge that Ms. Tusha's medical negligence claim against Pediatric Associates (Count One) and Mr. Tusha's IIED claim against Defendants (Count Six) should be dismissed.

The Magistrate Judge also recommended the dismissal of Plaintiffs' common law fraud (Count Three), aiding and abetting fraud (Count Four), and civil conspiracy (Count Seven) claims. (*Id.* at 8-11). The parties do not object, and I agree with the Magistrate Judge's recommendations.

---

[2] The FAC alleges that Dr. Masciantonio herself committed a tort. I therefore do not need to address the applicability of respondeat superior.

Lastly, the Magistrate Judge recommended declining to strike Plaintiffs' request for punitive damages. (*Id.* at 11-12). Defendants argue that the punitive damages request should be stricken if the IIED claim is dismissed. (D.I. 69 at 10 n.3). Ms. Tusha's IIED claim against Dr. Masciantonio, however, may move forward. I therefore agree with the Magistrate Judge and decline to strike the punitive damages request.

### III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report. I will deny Defendants' motion to dismiss for failure to state a claim with respect to Ms. Tusha's medical negligence and IIED claims against Dr. Masciantonio (Counts Two and Five). I will grant the motion to dismiss with respect to all other claims. I will decline to strike the punitive damages request. An accompanying order will be entered.